## Jett et al. v. Holland et al., Election Com'rs.

Jan. 17, 1939.

ROBERT B. REED for appellants.

BEN THOMAS COOPER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

A local option election held in Marshall county on December 11, 1937, resulted in a majority vote favoring local option. On January 8, 1938, Manor Jett and Walter Greggs, as citizens and residents of Marshall county and legal voters therein, instituted this action against the three election commissioners of the county contesting the election on a number of grounds unnecessary to enumerate. After the pleadings had been completed and an order entered directing that proof be taken and the case prepared for trial, the attorneys for the respective parties entered into a stipulation which, omitting the signatures, reads:

"It is stipulated and agreed by and between the parties hereto that no further action will be taken in this case until the 1st day of July, 1938, at which time the case may be submitted to the court without the taking of any proof or will be dismissed on motion of the parties during which time the case is to pend, as is, with all of the relative rights connected

with the pendency of the suit, and no further steps will be taken by either of the parties to this action.''

On June 9, 1938, plaintiff filed an amended petition setting out the above stipulation and alleging in substance that at the time they entered into same, they, and their attorney, and defendants and their attorney, all believed that under the Alcoholic Control Act of 1938, Acts 1938, c. 2, plaintiffs would be prohibited to sell alcoholic beverages in Marshall county after July 1, 1938, and for that reason they entered into such stipulation; that subsequently they had been advised that such was not the law but that the Liquor Control Board of the state had ruled that the Act of 1938 did not within itself prohibit the sale of alcoholic and malt beverages in Marshall county and had indicated that it would issue license to sell alcoholic and malt beverages in Marshall county after July 1, 1938, provided plaintiffs succeeded in their suit to have the local option election declared void and of no effect; that the stipulation was entered into on account of mutual mistake of law and facts and for that reason is not binding upon any of the parties and that same should be set aside and held for naught. They prayed for such relief.

After the issues had been completed by answer to the amended petition, and subsequent pleadings and evidence heard, it was adjudged that the relief sought in the amended petition to set aside the stipulation be denied and the petition dismissed. Thereupon the stipulation over objection of plaintiffs was filed and the court pursuant thereto adjudged that plaintiffs' petition as amended be dismissed and plaintiffs are appealing.

As disclosed by the record appellants had been granted a license to and were engaged in the business of selling liquors and malt beverages and desired to continue in the business. The apparent reason for their entering into the stipulation was that notwithstanding the result of the local option election they would be permitted to continue business until July 1, 1938. The stipulation was entered into at their instance.

The evidence signally fails to sustain appellants' contention that the stipulation was entered into through mutual mistake of facts or law and it is not even claimed that any fraud was practiced upon them to secure their consent or signatures to the agreement. While the evi-

dence of appellants and counsel who represented them prior to and at the time the stipulation was entered into is in effect that they were under the impression that counsel for appellee understood and interpreted the law as they did, they could not recall anything he said prior or at the time the stipulation was agreed upon that would so indicate. The attorney for appellee is positive that he made no statement in substance or to the effect that regardless of the result of the contest suit spirituous and malt liquors could not be sold in Marshall county after July 1, 1938; that if he had thought such was the case he would not have entered into the stipulation. Neither does the evidence show that appellants were laboring under such mistake of law as would afford them the relief sought. The evidence of appellants is to the effect that they had received advice that even if they should be successful in their contest suit, liquor could not be sold in Marshall county after July 1 because the county would not be able to comply with the provisions of the Alcoholic Control Act with respect to patroling the county. As we understand from the record appellants received this advice or information from some layman and communicated it to their attorney. The attorney who represented appellants prior to and at the time the stipulation was made testified that he made a trip to Frankfort but was unable to procure a copy of the law. Evidently he did not ask or attempt to see the enrolled bill since he says nothing about it in his evidence. However, later and before the stipulation was entered into, he did see and read a copy of the act. According to his evidence the act is in nowise different from what he conceived it to be and the evidence merely establishes at most that appellants and their attorney were not mistaken about the contents of the act but only as to their conception of how it would be construed and administered by the board and other administrative officers. The attorney stated in part:

"I knew in a general way what the law is, but the Liquor Control Board is authorized to adopt rules and regulations, and they have been changed by the Liquor Control Board since the stipulation was entered into; they put a different interpretation on it from what they had at the time."

A mere lack or want of knowledge of the law or how it will be interpreted or administered by adminis-

trative officers is not sufficient grounds to release a party from a stipulation or other contract or agreement. If such were the case few would be bound by their contracts. There was no mistake or misapprehension on the part of appellants or their attorney concerning the legal effect of the stipulation they entered into. They only claim that they entered into it under a misapprehension as to the way in which the Alcoholic Control Act would be interpreted and administered. There is no showing of misapprehension or mistake of law by all the parties or by one party of which the other was aware but which he did not attempt to correct or rectify, and which might in effect amount to fraud; nor is there any evidence of such misapprehension or mistake of law upon the part of appellants alone as would entitle them to the relief sought.

Judgment affirmed.